**Robert DONALDSON, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE CO., Defendant.**

**No. 92–CV–72824–DT.**

United States District Court, E.D. Michigan, S.D.

Feb. 1, 1993.

Kenneth D. Clayton, Pontiac, MI, for plaintiff.

Randolph D. Phifer, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiff has since filed a response to which defendant has replied. Accordingly, it is hereby ORDERED that this matter be resolved without oral hearings. E.D.Mich.LR 7.1(e)(2). For the reasons that follow, defendant's motion is GRANTED.

### I. BACKGROUND

Defendant Metropolitan Life Insurance Company is the claims administrator for the General Motors Insurance Program for Hourly–Rate Employees (the "Plan"), an employee welfare benefit plan subject to and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Plaintiff Robert Donaldson was a participant in the Plan.

On May 26, 1990, plaintiff injured the bottom of his foot while walking on a deck at his home. Plaintiff's injury failed to heal and, on June 22, 1991, his right foot was amputated just below the knee. Under the Plan's terms, extra accident benefits in the amount of $6,875.00 are paid for the loss of a foot provided that the "loss is not caused wholly or partly, directly or indirectly by, (1) disease ..., or (2) any infection, except infection caused by an external visible wound accidently sustained...." *The General Motors Insurance Program for Hourly–Rate Employees*, at 31–32. In December of 1991, plaintiff filed a Statement of Claim with defendant for the aforesaid benefits.

Upon receipt of plaintiff's Claim, defendant requested and received copies of plaintiff's medical and hospital records. His medical history indicates that plaintiff has insulin dependent diabetes mellitus with a long record of poor compliance,[1] including chronic alcohol addiction.[2] According to his attending physician, plaintiff's diabetes was at least partially to blame for the loss of his limb.[3] Thus, on March 3, 1992, defendant denied plaintiff's claim for benefits.

On April 24, 1992, plaintiff brought suit against defendant in Oakland County Circuit Court, alleging that the denial of extra accident benefits constituted a breach of contract. Defendant removed to this Court on May 20, 1992, on the basis of ERISA preemption. Shortly thereafter, defendant moved for summary judgment arguing that, as a matter of law, it "did not abuse its discretion in denying plaintiff's claim...." *Defendant's Brief in Support of Motion for Summary Judgment*, at 7. Plaintiff, on the other hand, insists that factual issues remain.

### II. STANDARD OF REVIEW

■ Defendant brings this motion pursuant to Fed.R.Civ.P. 56(b). Under this Rule, summary judgment is appropriate where there is no genuine issue of material fact which remains to be decided, and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

---

1. According to Dr. Jennings, plaintiff would neither take his insulin nor eat properly. *June 20, 1991 Report of L.E. Jennings, M.D.*, at 1.

2. Prior to his June 19, 1991 admission, plaintiff had been hospitalized fourteen times for "diabetes out of control and alcoholism." *June 20, 1991 Report of L.E. Jennings, M.D.*, at 1.

3. In response to defendant's inquiry concerning the cause(s) of plaintiff's amputation, his physician wrote: "injury → cellulitis → gangrene + poorly controlled diabetes (IDDM)," and "peripheral vascular disease." *Statement of Claim*, at 2.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the nonmoving party. *Id.* at 247–48, 106 S.Ct. at 2510. Where the nonmoving party has not presented evidence on an essential element of their case, however, they have failed to meet their burden and summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## III. OPINION

Defendant's motion presents two issues: (1) what level of deference this Court should employ in considering the denial of benefits to plaintiff; and (2) whether, under the applicable standard, genuine issues of material fact remain. Both will be addressed in turn.

ERISA does not set out the appropriate standard of review for evaluating benefit determinations of plan administrators in actions challenging those determinations under 29 U.S.C. § 1132(a)(1)(B).[4] To fill the

gap, most federal courts adopted the arbitrary and capricious standard developed under section 186(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c), in reviewing the denial of ERISA plan benefits. In *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the United States Supreme Court addressed the issue.

■ Writing for the Court, Justice O'Connor criticized the wholesale importation of the arbitrary and capricious standard into ERISA since, in many cases, it left employees worse off than they were before ERISA was enacted. Because ERISA was enacted "to promote the interests of employees and their beneficiaries in employee benefit plans," and "to protect contractually defined benefits," Justice O'Connor argued that the rote application of that standard would flout congressional intent. *Id.* 489 U.S. at 113, 109 S.Ct. at 955–56 (citations omitted). Accordingly, the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S.Ct. at 956.[5]

In this case, defendant urges that as administrator of the General Motors Plan,

4. In light of ERISA preemption, plaintiff's complaint is converted to an action under this subsection. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). It provides that "[a] civil action may be brought—(1) by a participant or a beneficiary—(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

5. Early in the *Bruch* opinion, Justice O'Connor wrote that "[t]he discussion that follows is limited to the appropriate standard of review in § 1132(a)(1)(B) actions challenging denials of benefits placed on *plan term* interpretations." *Id.* at 108, 109 S.Ct. at 953 (emphasis added). Seizing on this language, the Fifth Circuit has distinguished between factual determinations and plan term interpretations and held that, with respect to factual determinations underlying a denial of benefits claim, the arbitrary and capricious standard of review still applies. *See*

*Pierre v. Connecticut Gen. Life Ins. Co.,* 932 F.2d 1552, 1557 (5th Cir.1991). This Court is not persuaded. The clear statement of the *Bruch* holding strongly suggests that · the Supreme Court intended *de novo* review to be mandatory where administrators were not granted discretion, regardless of whether the denials under review were based on factual determinations or plan term interpretations. If this were not the intent, the Court could have simply omitted the words "to determine eligibility for benefits" and confined the "unless" clause to "unless the benefit plan gives the administrator of fiduciary discretionary authority to construe the terms of the plan." This Court thus holds that the *de novo* standard applies to ERISA benefit denials based either on plan interpretation or purely factual determinations, absent a grant of discretionary authority under the plan. *Accord Luby v. Teamsters Health Welfare & Pension Trust Funds,* 944 F.2d 1176 (3d Cir.1991).

it must determine whether plaintiff has submitted proof of his loss; "that is, whether plaintiff's loss of his right leg resulted from a bodily injury and was not caused wholly or partly, directly or indirectly, by disease or bodily infirmity of [sic] medical or surgical treatment thereof." *Defendant's Brief in Support of Motion for Summary Judgment,* at 10. Citing *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979 (6th Cir.1991), defendant maintains that it had discretionary authority to deny plaintiff's claim, and, therefore, an abuse of discretion standard should apply.

*Miller,* however, does not stand as authority for defendant's position. There, the relevant portion of the plan stated:

> An Employe shall be deemed to be totally disabled [and, therefore, entitled to benefits,] only if that Employee is not engaged in regular employment or occupation for remuneration or profit and, *on the basis of medical evidence satisfactory to the Insurance Company,* the Employe is found to be wholly prevented ... from engaging in regular employment....

*Miller,* 925 F.2d at 983 (emphasis in original). Pursuant to the highlighted language, the *Miller* court held that the plan expressly provided discretionary authority to its administrator regarding benefit eligibility. Thus, in accordance with *Bruch,* the *Miller* panel affirmed the district court's application of an arbitrary and capricious standard of review to the administrator's denial of benefits. *Id.* at 984.

■ By way of contrast, the Plan at issue here does not contain language like that quoted in *Miller.* Rather, defendant's sole obligation was to ascertain whether plaintiff's loss was caused "wholly or partly, directly or indirectly," by his diabetic condition. In other words, defendant was to determine if that condition precluded recovery of benefits under the terms of the Plan. Consequently, this Court will review the defendant's denial of extra accident benefits *de novo. Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).[6]

■ As noted above, plaintiff's request for extra accident benefits was denied on the grounds that his loss was at least partially due to a pre-existing disease. Indeed, it was plaintiff's attending physician who made that determination. Rather than disputing this conclusion with affidavits or other competent evidence,[7] plaintiff maintains that, inasmuch as the infection in his foot was caused by an externally visible wound that was accidently sustained, he should be able to recover the extra benefits. This argument ignores the fact that the exceptions to benefit eligibility under the Plan are in the disjunctive; disease *or* infections not caused by externally visible wounds preclude recovery. Thus, even assuming plaintiff's infection would not impede his benefit eligibility, this says nothing in relation to the disease exception. And, as previously discussed, plaintiff has failed to offer any evidence to refute his physician's diagnosis of the factors which caused or contributed to the amputation of his foot. Defendant's motion for summary judgment is GRANTED.

### IV. CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is GRANTED. Plaintiff's complaint is hereby DISMISSED.

IT IS SO ORDERED.

---

**6.** Even under the analysis set forth in *Pierre v. Connecticut Gen. Life Ins. Co.,* 932 F.2d 1552 (5th Cir.1991), the Fifth Circuit would assess the denial of benefits under a *de novo* standard of review. *See infra* note 5.

**7.** In his response brief, plaintiff baldly asserts that he "would have had to had [sic] his foot amputated regardless of his diabetes, because the externally visible wound would have become infected with gangrene regardless of his diabetic condition." *Plaintiff's Response Brief,* at 7. However, unsubstantiated denials are insufficient to withstand a properly supported motion for summary judgment. Fed.R.Civ.P. 56(e).